IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT        ) | |
| OF MCCARTHY MARINE GROUP, LLC,       ) | |
| AS OWNER OF A 2021 AQUASPORT 224      ) | |
| BAY BEARING SERIAL NUMBER              )  | CIVIL ACTION NO: |
| BAQ221901JO21, FOR EXONERATION     ) | 4:22-cv-00206-RSB-CLR |
| FROM OR LIMTIATION OF LIABILITY      ) | |

**O R D E R**

The Court is in receipt of Limitation Plaintiff's Motion for Entry of Default and Final Judgment. (Doc. 13). The motion has now been pending for more than 14 days and is unopposed. For good cause shown, the relief requested in that motion is **GRANTED** as explained herein.

BACKGROUND

On August 26, 2022, Limitation Plaintiff filed a Complaint in Admiralty for Exoneration from or Limitation of Liability ("Limitation Complaint") pursuant to 46 U.S.C. §§ 30501, et seq., claiming the right of exoneration from or limitation of liability for any and all claims arising from any alleged injuries or damages caused by an incident in the Wilmington River that occurred on or about May 28, 2022 (the "Incident") on navigable waters. (Doc. 1.) Limitation Plaintiff also moved the Court to approve and accept its Ad Interim Stipulation, to issue a notice to all potential claimants, and to restrain the commencement or prosecution of claims during the pendency of this case. (Id.)

On September 8, 2022, this Court entered its Order approving Limitation Plaintiff's Ad Interim Stipulation and restraining prosecution of claims, (doc. 6), and it also issued a Notice of Complaint for Exoneration from or Limitation of Liability, (doc. 9). The Court's approval Order and the Court's Notice directed all potential claimants to file their claims with the Clerk of Court

in the United States District Court for the Southern District of Georgia, and to serve on or mail to Limitation Plaintiff's counsel a copy of any claims on or before October 14, 2022, or be defaulted. (See doc. 7, p. 2; doc. 8, pp. 1–2.)  The Order also directed Limitation Plaintiff to publish the Court's Notice in the Savannah Morning News for four consecutive weeks, and to mail a copy of the Notice to every person known to have made or who may make a claim arising out of the incident no later than the date of the second publication.  (Doc. 7.)

In compliance with Supplemental Rule F(4) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions (contained in the Federal Rules of Civil Procedure), and the Court's Order, the Notice was published in the Savannah Morning News once per week for four consecutive weeks.  (See doc. 10.)  Plaintiff also sent, via Certified Mail, copies of the Court's Notice, approval Order, and the Complaint to each of the individuals believed to be potential claimants.  (See doc. 13, p. 2.)  On October 18, 2022, Limitation Plaintiff filed its Proof of Publication, confirming that Notice was published in the Savannah Morning News once a week for four consecutive weeks.  (Doc. 10.)

Having pleaded that it was the vessel owner at the time of the incident, Limitation Plaintiff maintains standing under the Limitation of Liability Act to seek default and final default judgment against all parties who have not made an appearance, filed an answer, or otherwise filed a claim by the Court's October 14, 2022, deadline.  No person or entity has filed an answer or claim in this matter with the Clerk of this Court, and counsel for Limitation Plaintiff has stated that he has not been served with any respective claims in this matter.  (See doc 13, p. 3.)  Limitation Plaintiff has already sought entry of default against non-appearing parties and non-asserted claims, and the Clerk has entered that default.  (Docs. 11, 12.)  Limitation Plaintiff has now petitioned the Court for entry of default judgment against all non-appearing parties and non-asserted claims.  (Doc. 13.)

**ANALYSIS**

The Court finds that Limitation Plaintiff is entitled to final default judgment against non-appearing claimants and non-asserted claims. The procedure for entering default is as follows:

> Federal Rule of Civil Procedure 55 sets out a two-step procedure for obtaining a default final judgment. Fed. R. Civ. P. 55. First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default judgment against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant.

In Re: Wild Fla. Airboats, LLC, No. 6:16-cv-2207, 2017 WL3891777, *2 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL3877598 (M.D. Fla. Sept. 5, 2017). Courts within the Eleventh Circuit have applied the same two-step procedure in cases under the Limitation of Liability Act. Id. at *2; see also In Re: Albergo, No. 17-cv-61381, 2017 WL 9362584, *1–3 (S.D. Fla. Oct. 3, 2017).

In cases arising under the Limitation of Liability Act, an entry of default is proper when parties have failed to appear and/or assert claims by the deadline established by the Court in compliance with Rule F(4). In Re: Columbia Leasing, LLC, 981 F. Supp. 2d 490, 495–96 (E.D. Va. 2013). Upon successfully moving for entry of default, a limitation plaintiff may move the court for a default judgment under Rule 55(b)(2). See Matter of Archer Daniels Midland Co., No. 18-cv-1131, 2019 WL 4917126, *2 (D. Minn. Oct. 4, 2019). In a limitation action, a default judgment will be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complied with the rules, was sent to every person known to have made any claim against the vessel at issue, and was published in a newspaper once a week for four

consecutive weeks prior to the date fixed for the filing of claims.  See Wild Fla. Airboats, 2017 WL3891777, at *3.

In this action, Limitation Plaintiff McCarthy Marine Group has fulfilled its obligations under Supplemental Rule F and the Court's Order by publishing the Court's Notice in the Savannah Morning News at the necessary time intervals and by mailing, via Certified Mail, a copy of its Complaint, the Court's Order, and the Court's Notice to all known potential claimants to this limitation proceeding.  (Doc. 10.)  Given Limitation Plaintiff's compliance with Rule F and the Court's Order, and given the Clerk's entry of default, the Court finds that it is appropriate to enter default judgment against all persons or entities having claims against Limitation Plaintiff with respect to the May 28, 2022, Incident who failed to timely file an answer or claim as ordered by the Court.

## CONCLUSION

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule F(5) of the Supplemental Rules of Admiralty and Maritime Claims, the Court **GRANTS** Limitation Plaintiff McCarthy Marine Group's Motion for Entry of Default Judgment, (doc. 13), against all non-appearing parties and non-asserted claims and **DIRECTS** the Clerk of Court to enter a final judgment, pursuant to Rule 55(b)(2), decreeing that Limitation Plaintiff is exonerated from all liability for any and all losses, personal injury and/or death related to the May 28, 2022, Incident at issue in this case, and to **CLOSE** the case.

**SO ORDERED**, this 6th day of February, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA